```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF VIRGINIA
                           Norfolk Division
```

**SONYA ALLEN,**

        **Plaintiff,**

**v.**                                   **ACTION NO: 2:05cv297**

**PAUL A. JAMES, Esquire,**
**and JOHN PRICE LAW FIRM, LLC,**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

This case comes before the court on defendants' Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2), filed June 28, 2005. For the reasons stated below, the motion is DENIED.

## I. Factual and Procedural Background

Plaintiff Sonya Allen filed a complaint on May 19, 2005, alleging legal malpractice by defendants. She claims that she retained defendants under a contingency fee arrangement for representation in connection with an automobile accident in which she sustained injuries. Compl. at ¶¶ 8-10. The accident in question took place in Norfolk, Virginia, on or about June 4, 2000. Id. at ¶ 2. According to plaintiff, defendants failed to file a lawsuit on her behalf within the applicable statute of limitations period, and any lawsuit seeking compensation for her injuries would now be time-barred. Id. at ¶ 15. Plaintiff alleges that her underlying claim for damages resulting from the car accident would

have been successful, in that plaintiff was exercising ordinary care at the time of the collision, while the person who struck her car was driving recklessly. Id. at ¶ 17.

Plaintiff is a resident of Virginia. Id. at ¶ 3. Defendant Paul A. James is a resident of South Carolina, and defendant John Price Law Firm, LLC, is a limited liability company organized in South Carolina with its principal place of business in South Carolina. Id. at ¶¶ 4-5. This court has jurisdiction over this case under 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000. Id. at ¶ 6.

On June 28, 2005, defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendants argue that this court cannot exercise personal jurisdiction over them as out-of-state residents because the Virginia long-arm statute does not authorize such jurisdiction, and exercising personal jurisdiction in Virginia would offend due process.

**II. Analysis**

For a district court to exercise personal jurisdiction over a non-resident defendant, two conditions must be satisfied: (1) the exercise of jurisdiction must be authorized by the long-arm statute of the forum state; and (2) the exercise of jurisdiction must not "overstep the bounds" of due process under the 14th Amendment. Christian Science Bd. of Dirs. of the First Church of Christ v.

2

Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Virginia's long-arm statute has been held to extend personal jurisdiction to the limits of due process. Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004). Therefore, the court need only consider whether exercising personal jurisdiction over defendants would offend due process.

A district court may exercise general or specific jurisdiction over a defendant, depending on the nature of that defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415 (1984). To determine whether specific jurisdiction exists, the court must determine: "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the Plaintiff's claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002)(internal quotation marks omitted). In other words, the court must evaluate whether a defendant could anticipate being sued in the forum state; the court must consider whether defendant's actions were "directed at the forum state in more than a random, fortuitous, or attenuated way." Mitrano, 377 F.3d at 407 (citation omitted). When the cause of action does not arise out of defendant's actions in the forum state, the plaintiff must establish general jurisdiction, showing that defendant has "certain minimum contacts with [the forum state]

such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)(internal quotation marks omitted). If the court cannot make these findings, then due process is not satisfied, and the court cannot constitutionally exercise personal jurisdiction over defendants.

The court finds that defendants did purposefully avail themselves of the privilege of conducting business in the Commonwealth of Virginia. Although defendants claim that they have never advertised or solicited business in Virginia, and that no member of their firm is an active member of the Virginia bar, they contracted with plaintiff to represent her in connection with a lawsuit arising out of an accident that took place in Virginia.[1] Br. in Supp. of Mot. to Dismiss at 2, 5. Defendants admit that they would have had to engage Virginia attorneys to file an action on behalf of plaintiff. Defs.' Reply to Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 2. Defendants must have been aware at the time they agreed to represent plaintiff that any lawsuit that would be brought pertaining to the car accident would most likely have to be filed in Virginia; they admit as much by conceding that they would have had to employ Virginia attorneys to bring a lawsuit.

---

[1] At the time of the accident, plaintiff was a resident of South Carolina, according to defendants. Br. in Supp. of Mot. to Dismiss at 2.

4

Defendants further argue that while they have made phone calls and engaged in other communications with people and entities in Virginia in litigating plaintiff's car accident claim, these communications are not enough to give rise to personal jurisdiction in Virginia. It is true that phone calls and other correspondence, without more, have been held to be insufficient to allow a court to exercise jurisdiction over an out-of-state defendant. See, e.g., Cape v. Maur, 932 F. Supp. 124, 128 (D. Md. 1996). However, the facts of this case involve more than mere phone calls: defendants contracted to perform certain services within the state of Virginia, whether by themselves or by hiring Virginia attorneys.

Defendants do not deny that a contract existed between John Price Law Firm and plaintiff; rather, they dispute that the contract required them to provide any services in Virginia. Defs.' Reply at 3. While it may have been possible for defendants to settle plaintiff's case without ever traveling to Virginia or filing a claim in any court in Virginia, the contract did not limit defendants to services that could be performed in South Carolina. Rather, the contract specifically states that plaintiff retained defendants "to represent the Client(s) as legal counsel for all purposes in connection with injuries and/or damages arising out of an incident which occurred on or about the 23 day of April, 2001

. . . ."[2]  Br. in Supp. of Mot. to Dismiss, Ex. 1.  Absent early settlement prior to the filing of a lawsuit, defendants would have been responsible under the contract for performing services in Virginia, such as hiring Virginia attorneys to file the suit and/or negotiate a settlement.

The cases cited by defendants in support of their motion to dismiss are factually distinguishable from the case at bar.  In Cape v. Maur, 932 F. Supp. at 128, the court held that "providing out-of-state representation is not enough to subject an out-of-state lawyer or law firm to the personal jurisdiction of the state in which a client resides." (emphasis added).  However, that case involved a Maryland resident suing a German law firm and its attorneys for legal malpractice arising out of representation in connection with the prosecution of contract claims in Germany.  Id. at 125-26.  All services provided under the contract were performed in Germany.  Id.  Because defendants had no nexus with the state of Maryland, other than their client being a Maryland resident, the court held that defendants did not possess "minimum contacts" with Maryland to render them subject to suit in that state.  Id. at 128.

---

[2] The court notes that the Contingency Fee Arrangement states the date of plaintiff's car accident as April 23, 2001, whereas in plaintiff's Complaint she alleges that the accident took place on or about June 4, 2000.  Neither plaintiff nor defendants has noted this discrepancy, and it appears to be a typographical error, given that according to defendants, the Contingency Fee Arrangement was signed on April 23, 2001, which is also the date next to Ms. Allen's signature at the bottom of the agreement.  See Br. in Supp. of Mot. to Dismiss at 2, Exhibit 1.

In contrast, the defendants in the instant case contracted with plaintiff to provide legal representation in connection with a car accident which took place in Virginia.  In so doing, they purposefully availed themselves of the privilege of conducting business in this state.

Finally, other courts have suggested that the question of personal jurisdiction in legal malpractice situations involving out-of-state attorneys may turn on where the underlying lawsuit would have been prosecuted and which state's law would have applied.  See, e.g., Kaempe v. Myers, 2001 U.S. Dist. LEXIS 18386, *11-13 (S.D. Ind. 2001) (holding that the court did not have personal jurisdiction over a defendant attorney who performed all his legal work outside of Indiana, but distinguishing a legal malpractice case in which the parties agreed that the contract forming the basis of the underlying lawsuit would be governed by Indiana law).  While defendants do not concede that the parties had an understanding regarding which state's law would govern any claim arising out of plaintiff's car accident, they do admit, as previously discussed,[3] that any lawsuit would have had to be filed in Virginia.

---

[3]  See supra at 4; Defs.' Reply to Pl.'s Br. in Opp'n to Defs.' Mot. to Dismiss at 2.

### III.  Conclusion

For the aforementioned reasons, the court finds that defendants purposefully availed themselves of the privilege of conducting business in Virginia, and they are therefore subject to personal jurisdiction in this state.  Accordingly, defendants' motion to dismiss is DENIED.

The Clerk is DIRECTED to send a copy of this Memorandum Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

                                                 /s/Rebecca Beach Smith
                                               UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

July 29, 2005